```
 1                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
 2
                                        )
 3   UNITED STATES OF AMERICA,          )
                                        )
 4          Plaintiff,                  )
                                        )
 5   v.                                 )
                                        )
 6   DAVID SIDOO, GREGORY COLBURN,      )
     AMY COLBURN, GAMAL ABDELAZIZ,      )
 7   DIANE BLAKE, TODD BLAKE,           ) Criminal Action
     I-HSIN CHEN, MOSSIMO GIANNULLI,    ) Nos. 1:19-cr-10080-NMG
 8   ELIZABETH HENRIQUEZ,               )
     MANUEL HENRIQUEZ, DOUGLAS HODGE,   )
 9   MICHELLE JANAVS, ELISABETH         )
     KIMMEL, LORI LOUGHLIN, WILLIAM     )
10   MCGLASHAN, JR., MARCI PALATELLA,   )
     JOHN WILSON, HOMAYOUN ZADEH,       )
11   ROBERT ZANGRILLO,                  )
                                        )
12          Defendants.                 )
                                        )
13

14              BEFORE THE HONORABLE M. PAGE KELLEY
                  UNITED STATES MAGISTRATE JUDGE
15

16                  INTERIM STATUS CONFERENCE

17
                        October 2, 2019
18

19          John J. Moakley United States Courthouse
                    Courtroom No. 24
20                   One Courthouse Way
                 Boston, Massachusetts 02210
21

22
                    Linda Walsh, RPR, CRR
23                  Official Court Reporter
            John J. Moakley United States Courthouse
24              One Courthouse Way, Room 5205
                 Boston, Massachusetts 02210
25                  lwalshsteno@gmail.com
```

```
 1    APPEARANCES:

 2    On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA Eric S. Rosen
 4             AUSA Justin D. O'Connell
           One Courthouse Way
 5         Boston, Massachusetts 02210
           617-748-3412
 6         eric.rosen@usdoj.gov

 7    On Behalf of the Defendant David Sidoo:

 8         MARTIN G. WEINBERG, PC
           By: Martin G. Weinberg, Esq.
 9         20 Park Plaza, Suite 1000
           Boston, Massachusetts 02116
10         617-227-3700
           owlmcb@att.net
11
      On Behalf of the Defendants Gregory Colburn and Amy Colburn:
12
           HOOPER, LUNDY & BOOKMAN, P.C.
13         By: David S. Schumacher, Esq.
           470 Atlantic Avenue, Suite 1201
14         Boston, Massachusetts 02210
           617-532-2704
15         dschumacher@health-law.com

16    On Behalf of the Defendant Gamal Abdelaziz:

17         NIXON PEABODY LLP
           By: Brian T. Kelly, Esq.
18             Joshua C.H. Sharp, Esq.
           100 Summer Street
19         Boston, Massachusetts 02110
           617-345-1000
20         bkelly@nixonpeabody.com
           617-345-1135
21         jsharp@nixonpeabody.com

22

23

      (Appearances continued on the next page)
24

25
```

```
 1    APPEARANCES (Continued):

 2    On Behalf of the Defendants Diane Blake and Todd Blake:

 3         TODD & WELD
           By: David E. Meier, Esq.
 4         One Federal Street, 27th Floor
           Boston, Massachusetts 02110
 5         617-720-2626
           dmeier@toddweld.com
 6
      On Behalf of the Defendant I-Hsin Chen:
 7
           KELLER/ANDERLE LLP
 8         By: Reuben Camper Cahn, Esq.
           18300 Von Karman Avenue, Suite 930
 9         Irvine, California 92612
           949-476-8700
10         rcahn@kelleranderle.com

11    On Behalf of the Defendant Mossimo Giannulli:

12         DONNELLY, CONROY & GELHAAR, LLP
           By: George W. Vien, Esq.
13         260 Franklin Street
           Boston, Massachusetts 02110
14         617-720-2880
           gwv@dcglaw.com
15
           LATHAM & WATKINS LLP
16         By: William J. Trach, Esq.
           John Hancock Tower, 27th Floor
17         200 Clarendon Street
           Boston, Massachusetts 02116
18         617-880-4514
           William.trach@lw.com
19
      On Behalf of the Defendant Elizabeth Henriquez:
20
           ROPES & GRAY LLP
21         By: Aaron M. Katz, Esq.
           Prudential Tower
22         800 Boylston Street
           Boston, Massachusetts 02199-3600
23         617-951-7117
           aaron.katz@ropesgray.com
24
      (Appearances continued on the next page)
25
```

```
 1   APPEARANCES (Continued):

 2   On Behalf of the Defendant Douglas Hodge:

 3        ROPES & GRAY
          By: Brien T. O'Connor, Esq.
 4            Joan McPhee, Esq.
          Prudential Tower
 5        800 Boylston Street
          Boston, Massachusetts 02199-3600
 6        617-951-7385
          boconnor@ropesgray.com
 7        617-951-7535
          jmcphee@ropesgray.com
 8
     On Behalf of the Defendant Michelle Janavs:
 9
          BIENERT KATZMAN PLC
10        By:  John L. Littrell, Esq.
          903 Calle Amanecer, Suite 350
11        San Clemente, California 92673
          949-369-3700
12        jlittrell@bienertkatzman.com

13        NUTTER, MCCLENNEN & FISH, LLP
          By: Jonathan L. Kotlier, Esq.
14        Seaport West
          155 Seaport Boulevard
15        Boston, Massachusetts 02210-2604
          617-439-2000
16        jkotlier@nutter.com

17   On Behalf of the Defendant Elisabeth Kimmel:

18        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC
          By: Eoin P. Beirne, Esq.
19            Cory S. Flashner, Esq.
          One Financial Center, 42nd Floor
20        Boston, Massachusetts 02111
          617-348-1707
21        ebeirne@mintz.com
          csflashner@mintz.com
22


23
     (Appearances continued on the next page)
24

25
```

```
 1   APPEARANCES (Continued):

 2   On Behalf of the Defendant William McGlashan, Jr.:
          HUESTON HENNIGAN
 3        By: John C. Hueston, Esq.
          620 Newport Center Drive, Suite 1300
 4        Newport Beach, California 90014
          949-226-6740
 5        jhueston@hueston.com

 6        SIDLEY AUSTIN LLP
          By: Jack W. Pirozzolo, Esq.
 7        60 State Street, 34th Floor
          Boston, Massachusetts 02109
 8        617-223-0304
          jpirozzolo@sidley.com

 9   On Behalf of the Defendant Marci Palatella:
10        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          By: Michael K. Loucks, Esq.
11        500 Boylston Street
          Boston, Massachusetts 02116
12        617-573-4840
          michael.loucks@skadden.com

13   On Behalf of the Defendant John Wilson:
14        WHITE & CASE, LLP
          By: Michael Kendall, Esq.
15            Yakov Malkiel, Esq.
          75 State Street
16        Boston, Massachusetts 02109
          617-939-9310
17        michael.kendall@whitecase.com
          617-407-0117
18        yakov.malkiel@whitecase.com

19   On Behalf of the Defendant Homayoun Zadeh:
          MINER ORKAND SIDDALL LLP
20        By: Tracy A. Miner, Esq.
          470 Atlantic Avenue, 4th Floor
21        Boston, Massachusetts 02210
          617-273-8421
22        tminer@mosllp.com

23

24             Proceedings recorded by sound recording and
                 produced by computer-aided stenography
25
```

```
 1                    P R O C E E D I N G S
 2            (Recording begins at 2:19:33)
 3            THE CLERK:  Today is October 2, 2019, and we are on
 4     the record in Criminal Case Number 19-10080, the United States
 5     versus David Sidoo, et al., the Honorable M. Page Kelley
 6     presiding.
 7            Will counsel for the Government please identify
 8     themselves for the record.
 9            MR. ROSEN:  Good afternoon, Your Honor.  Eric Rosen
10     and Kristen Kearney for the Government.
11            THE COURT:  Good afternoon.
12            So because there's so many defense lawyers, I've asked
13     that everyone sign in on this sheet.  So if you did not sign in
14     on this sheet, would you please do so before you leave.
15            Also, because we don't have a stenographer, and this
16     is just being recorded, if you speak, it would be great if you
17     would identify yourself as you speak so the recording will
18     reflect who was talking.
19            So I got the parties -- I've reviewed the joint
20     interim status report, Number 574 on the docket, and I would
21     like to set the interim status conference in this matter for
22     January 17 at 11:00 a.m.  And does anyone want to say anything
23     about that?  No?  Well, that's remarkable.  That's great,
24     everyone.
25            And then I have a couple of announcements.  After
```

1   speaking with Judge Gorton, two things:  Judge Gorton has a

2   strong preference that the case be tried in 2020.  So just to

3   give you some idea of the schedule that he has in mind, he

4   would like the trial or trials to be in the coming year.

5           And, secondly, like Judge Talwani, he is amenable to

6   the defendants filing a dispositive motion on the scope of the

7   conspiracy prior to the filing of other dispositive motions,

8   and what I think we'll do is give defendants time to digest the

9   discovery sufficiently so that you feel that you can file such

10  a motion, but then we'll go ahead and file the motions, get

11  them up to him, and he will rule on those before the case goes

12  up for trial.

13          So -- and another thing you should just be thinking

14  about, which this may be somewhat premature, is for those who

15  are going to trial, whether such a motion is allowed or not,

16  there will probably not be only one trial.  So you might just

17  want to be thinking in your planning for the case about the

18  grouping of the defendants for trial.

19          Okay.  So with that having been said, I think I'll

20  hear from the Government concerning the status of the

21  production of discovery.

22          MR. ROSEN:  Judge, I think we've made a lot of

23  progress in terms of producing discovery.  The last production

24  was at the end of August.  We're continuing to make

25  productions.  We're at a very sort of limited -- the amounts

1    have been getting, you know, much smaller since the initial

2    tranche.  You know, we do anticipate producing limited amounts

3    more.  We did a series of search warrants back in July.  We're

4    currently processing this evidence and working with the

5    defendants on privilege and things like that, and we anticipate

6    having it done in the next two months.  I do note that, though,

7    you know, given that it was defendants' own e-mail accounts for

8    the parents, that they do have access to what we have seized.

9    So there shouldn't be any surprises for them, at least within

10   that discovery.

11           We've produced about two million documents, I think

12   just under two million documents thus far, and we've had

13   continued discussions with multiple defense counsel.  I know I

14   received a general discovery letter from the defendants

15   next -- last -- earlier this week, or I think at the end of

16   last week.  And, you know, we'll respond sort of in due course.

17           I did meet with counsel for Mr. McGlashan just before

18   this meeting.  We did have, I think, a very productive meeting,

19   and I do think it's helpful when, you know, going through these

20   discovery exercises that counsel at least set up a time so we

21   can meet together and discuss, meet and confer in person, as

22   it, I think, can alleviate a lot of issues in the sort of

23   back-and-forth communication amongst the parties.

24           Pursuant to our meeting, I said we would respond to

25   the various things we agreed upon, and we will do that in due

1  course, hopefully fairly soon.

2          So that's about it from my perspective.  I don't know

3  if the Court has any additional questions on that?

4          THE COURT:  So with regard to the e-mail accounts that

5  were seized, do the defendants -- the affected defendants know

6  precisely what was seized?

7          MR. ROSEN:  Well, they should know that their e-mail

8  address -- that their e-mail address was seized by the

9  Government because we've produced the affidavit and everything

10  in discovery.

11          THE COURT:  Okay.

12          MR. ROSEN:  They actually get notice from the service

13  provider where there's no nondisclosure order, and we have

14  since been reached out to every defendant who this has

15  affected, and we have gotten from them a list of potential

16  privileged e-mail addresses, and we sort of wiped all those

17  away from any type of review or anything like that to avoid any

18  type of privileged review, and then we're -- we have

19  contractors that are beginning to sort through the

20  nonprivileged e-mails to comply with Attachment B, which is

21  what we're trying to do now, just to make sure we only turn

22  over and retain stuff related to the criminal activity.

23          THE COURT:  Okay.  So thank you.  And anything from

24  defense counsel concerning the issue of discovery?  Yes?

25          MR. WEINBERG:  No criticisms of discovery, but just an

1     alert, if I can, you know, that we would request that all of

2     the deadlines that the Government has proposed be deferred for

3     discussion on January 17.  I think I speak for defense counsel

4     to say that although we appreciate Judge Gorton's, you know,

5     receiving, you know, some takeout motions or motions that

6     comprehensively challenge the cornerstones of the Government's

7     theory of prosecution and whether or not facially they charge

8     properly the different criminal statutes that they've alleged,

9     we'd like Your Honor to set a date on January 17 for the filing

10    of that motion as well as the filing of discovery motions.

11            I have told Mr. Rosen we'll try to get letters to the

12    Government about open discovery issues before the January 17

13    status conference so that we can at least identify for the

14    court on that date, you know, what issues remain between the

15    defense, you know, counsel and the Government.

16            But the search warrants are quite important because

17    they were our clients' own statements by e-mail, and I'd like

18    to, you know, work with the Government.  Perhaps if they would

19    give us their search terms, then we can do the same search

20    terms on our clients' e-mails because otherwise we're dealing

21    with just dozens of thousands of e-mails, and to review our

22    clients' e-mails if the Government is only going to search and

23    download a subset, along with all of the other

24    responsibilities, with over 2,000 audios and that three million

25    pages of discovery, make it hard even by January 17th for us to

1    finish the first-level job of reviewing the whole universe of

2    materials that the Government has provided us in their rolling

3    discovery.

4              THE COURT:  Okay.  So stop right there.  You can still

5    talk but -- so does anyone have a problem, any of the

6    defendants, with filing the motion concerning the conspiracy by

7    January 17th or does anyone feel that that's too far in the

8    future?

9              DEFENSE COUNSEL:  Your Honor, I think I may be wrong,

10   but I thought he suggested not setting a date for the motion to

11   be filed January 17th.

12             MR. WEINBERG:  That's right.  What I would ask Your

13   Honor --

14             THE COURT:  Oh, until the 17th.  I see.

15             MR. WEINBERG:  Give us to the 17th to continue --

16   we've only had literally four and a half months to go through

17   three million pages of materials and thousands of audios.  Give

18   us to January 17th so that when we make our challenges that

19   Judge Gorton is inviting, you know, we'll make them shortly

20   after the 17th.  Your Honor will set a date for the pleadings

21   that will not jeopardize the desire to have the trials, in the

22   plural, occur in the last part of 2020.

23             THE COURT:  So I'm kind of fascinated that, you know,

24   we had another group in yesterday who want to file that motion

25   this month because they're -- I think what counsel stated, it's

1    not dependent on discovery.  So -- which seemed like a curious

2    thing to me, but okay.  But you say it is dependent on the

3    discovery, so you would like to review the millions of pages of

4    discovery in the next three months and then set a date for

5    filing the motion concerning the conspiracy?

6         MR. WEINBERG:  And here's why, Judge.  You know,

7    there's two levels of challenge to the Government's theory of

8    prosecution.  You know, one is strictly facial, and we all know

9    that with the Government not stipulating to facts, the courts

10   are disinclined to dismiss indictments if there's any

11   hypothetical factual scenario that would legitimize the

12   Government's pleading.  They take the pleading at face value,

13   and if the Government says fraud or bribery or property crime

14   or obtaining money, it ordinarily survives the facial

15   challenge, and they've charged a single conspiracy, or at least

16   they've attempted to.

17        What we're trying to do, or at least I'm trying to do,

18   is represent in a pleading that goes one level below the facial

19   allegations that there's simply no evidence that, for instance,

20   my client knows this gentlemen's client or any of our clients

21   know each other.  It is the absolute classic, going back to the

22   old drug cases, you know, I started with in the 1970s, you have

23   a hub, Mr. Singer; you have spokes, the parents; and you have

24   an absolute absence of evidence of a rim, a rim being defined

25   as interdependence.  But I can't -- I can make that argument

1   better if I could represent that I have examined the evidence

2   and the interdependence of Mr. Zangrillo and any of the other

3   co-counsel's clients doesn't exist, and if they can do the same

4   with me, hopefully the Government will at least agree to that

5   level of fact.  And they will argue, well, we have Singer and

6   Singer's team, and that's enough to make everybody a single

7   conspiracy, and then we can present to Judge Gorton a motion

8   that can't be simply adjudged on the face of it, which has

9   problems, but we can really address to Judge Gorton in this

10  first pleading a pleading that will raise the issues that are

11  of pivotal significance to all of us as we go forward.

12          THE COURT:  Okay.  So I don't know what your view is,

13  Mr. Rosen?

14          MR. ROSEN:  My view is that there's, you know, there's

15  no summary judgment motions in criminal practice.  It would

16  just simply be a jury issue.  So I don't think it's relevant

17  to -- I don't think it's relevant to look beneath the facts,

18  especially when they're skewed in a particular direction.  I'm

19  not going to address that now, Judge, but I'm happy with the

20  January date or whatever.  We don't need that, that's fine.

21  Whether the motion improperly incorporates facts that

22  cherry-pick from discovery, that's another issue that Judge

23  Gorton will deal with.

24          THE COURT:  Okay.  So I will not set a date for the

25  filing of that particular motion until January 17th.  But it

1    would be very helpful if on the 17th counsel have some idea of

2    by what date they want to file the motion, and if you could

3    work on a date together.  And if you have an outlier, you

4    could -- and you're filing a separate motion, you could just

5    propose your separate dates.

6           I do think it's in your interest to consolidate as

7    much as possible, although I know it may not be possible for

8    everyone.  And also on the 17th, absent some really good

9    reasons, I think those dates will be set in fairly short order.

10   I wouldn't expect more than 45 to 60 days to file those motions

11   by then, although I'll hear you on that.

12          So, okay, so what about -- I guess the Government was

13   asking for a briefing schedule for discovery motions, and I

14   think I won't do that at this time, but I would really urge

15   counsel, as you are going through the discovery, to send

16   letters to the Government periodically and not hold off until

17   you have all your discovery requests at once, because I do

18   think on the 17th we will also shorten up those dates, and

19   you'll need to have reviewed the discovery.  I know it's very

20   voluminous, but if you're going to go to trial soon after that,

21   you're going to need to have reviewed it.  So you need to have

22   reviewed the discovery and know what it is that you want from

23   the Government, and we'll set dates at that time, too, to try

24   to get you to a motions date, if you need one.

25          So I'm not going -- I'm not going to enforce a strict

1  deadline for the letters, but let's get them rolling so the

2  Government isn't deluged with them at the end.  And I don't

3  want to see that as a tactic either.  So when things occur to

4  you, send them a letter.

5          Yes, sir?

6          MR. HUESTON:  John Hueston on behalf of William

7  McGlashan.  So the letters have been coming.  There's been one

8  that's been sent collectively and then there has been some

9  individual letters and there has been some meet and conferring

10 happening along those lines.

11         I guess what I want to prepare Your Honor for is I

12 think the Government has been working, from my perspective, in

13 good faith to try to resolve issues, but as of today, a *Brady*

14 review is not complete, they've acknowledged.  It's not just a

15 matter of getting out a couple of final productions, and

16 there's going to be additional meet and confers necessary.  And

17 then we're going to be relying on them producing the remainder

18 of discovery far enough in advance of that January 17th hearing

19 so that everything is teed up and we can then have a better

20 sense of how we can actually schedule any necessary discovery

21 motions.

22         So my point being, maybe an urging of the Government

23 to complete its process both in meeting with us, and we have

24 not let grass grow under our feet.  There's no tactic here.

25 There are millions of pages of documents.  People are working

1  through them, and we are already engaging, but we have to rely

2  also in part on the Government completing its process and doing

3  so soon.

4         THE COURT:  Okay.  Thank you.

5         So I do think the Government has -- I mean, Mr. Rosen

6  has said they want to meet and confer in person as often as

7  possible, and counsel should make themselves available for that

8  without just sending e-mails back and forth.  I think that's a

9  better way to conduct it.  So let's just have a good-faith

10  effort on everyone's part to be responsive and try to get

11  things done.

12         So, okay.  And if you find between now and January

13  you're really having problems, then I want you to meet and

14  confer in person with the Government, and then I'm happy to

15  hear matters before January 17th if we need to do that, too.

16         So what else?  Anything else about discovery?  I

17  really hope you're working together and not just everyone

18  duplicating all efforts with this much discovery, so.  Okay.

19         So no one is going to offer any defense of insanity,

20  public authority or alibi.  And with regard to expert

21  witnesses, 90 days and 30 days, and obviously if a party

22  intends on calling an expert, I think you should let the other

23  side know before these deadlines.  This is for the disclosures

24  for the reports, et cetera, but I don't want experts dropping

25  on either side on these deadlines.  Like you're going to know

1    before the deadline that you've hired someone.  So just -- this

2    is the deadline for the disclosures, but if you're going to

3    hire an expert, you should let the other side know what you're

4    planning to do so they know to get ready.  And I think at the

5    hearing yesterday, the Government was saying they didn't really

6    anticipate calling any experts, so.

7             MR. ROSEN:  At this stage I don't really see an

8    expert, but obviously things can change.  But as soon as we

9    make a determination, I'll let them know.

10            THE COURT:  So, for example, if the Government decides

11   they're going to call an expert for some reason, then they're

12   going to let the defense know, even if it's more than 90 days

13   before trial.  So, okay.  So what else?

14            MR. WEINBERG:  I'm not making a formal motion, but it

15   would help the defense in terms of their planning and in terms

16   of whether they need to have an expert to know at some early

17   date whether the Government intends to call Mr. Singer as a

18   witness because his testimony is, you know, although as a fact

19   witness, he will, you know, integrate expertise in the college

20   admissions process predictably as a witness.  And, you know,

21   whether or not we need to call what experts and what kind of

22   experts we need to call may very well be correlated to whether

23   it's the Government's intention to call Mr. Singer or not.

24            MR. ROSEN:  Well, Judge, I mean, clearly he wants to

25   know if we call a witness.  It has nothing to do with an

expert, expertise or anything.  As Mr. Weinberg acknowledged,

he's a fact witness.  Everything depends on how this case

proceeds in terms of the evidence allowed in, in terms of which

defendants go, so we'll make a determination as we get closer

to trial as to whether we actually need him as a witness or

what he can offer.  So just like with any other witness, we'll

provide that to the defense as set forth in the local rules.

THE COURT:  Okay.  And I think -- at this time I don't

think there's any reason to deal with this, but if we're

getting -- I mean, I'm assuming if the case is going to be

tried sometime in 2020, you're probably going to be here in

this session after you get a trial date to still be ironing out

the discovery motions.  So as the trial date approaches, we can

deal with the issues about early disclosure and whether we want

to follow the rules on all the dates.  If it's going to be a

big trial with a lot of defendants, you know, we'll deal with

that as the time approaches.

MR. KELLY:  Your Honor, Brian Kelly on behalf of

Mr. Abdelaziz.  I echo Mr. Weinberg's request.  It's not a

formal motion, but the AUSA has been representing to people

that he is not calling Mr. Singer, and that's important because

it could reduce a lot of our review from all these papers.  A

lot of this discovery is Singer specifically, and if we're

spending all our time trying to figure out how to cross-examine

him and they're not even calling him, that could expedite

 1   matters.  And if they make that decision and they're telling

 2   people they're not going to call him, we should know, and we

 3   can get this process moving.

 4          MR. ROSEN:  I've never made that representation.  I've

 5   told people that, you know, we're still evaluating which

 6   witnesses to call, and he may or may not be a witness, which is

 7   what I've told everyone.  I mean, that's what every witness is.

 8   It depends on who goes to trial, what the evidence is and what

 9   we need, and that's made as we narrow down the issues for

10   trial.

11          THE COURT:  Okay.  So I'm not -- I'm not expecting

12   Mr. Rosen to have decided at this moment whether he's calling

13   Mr. Singer as a witness or not.  So I guess everyone knows now

14   they're undecided, and so as the time ticks down, you know,

15   once you get a trial date and once things are closer to the

16   trial date, then we'll figure out what to do about that.  Okay.

17   I'm sure you will figure out what to do about that, too.  All

18   right.  So anything else?

19          (No response.)

20          THE COURT:  Okay.  So I'm going to exclude the time

21   under the Speedy Trial Act from today to the next date.  And in

22   the meantime, if you need help in any regard with the case,

23   confer, and then I'm happy to deal with it before January 17th.

24   So if things are popping up and you need the Court's

25   assistance, I'm happy to help you.  Okay.  All right.  Thank

1    you very much.

2            MR. ROSEN:  Thank you.

3            MR. WEINBERG:  Thank you, Your Honor.

4            THE CLERK:  Court's in recess.

5            (Recording ends at 2:42:51)

1              CERTIFICATE OF OFFICIAL REPORTER

2

3          I, Linda Walsh, Registered Professional Reporter

4  and Certified Realtime Reporter, in and for the United States

5  District Court for the District of Massachusetts, do hereby

6  certify that the foregoing transcript is a true and correct

7  transcript of the stenographically reported proceedings held in

8  the above-entitled matter to the best of my skill and ability.

9                Dated this 6th day of October, 2019.

10

11

12          /s/ Linda Walsh_____

13          Linda Walsh, RPR, CRR

14          Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25