UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 19-CR-10080-NMG |
| ) | |
| MICHELLE JANAVS, ) | |
| Defendant. ) | |

**DEFENDANT MICHELLE JANAVS' ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF SENTENCING MEMORANDUM AND CERTAIN LETTERS IN SUPPORT**

Per Local Rule 7.2 of the U.S. District Court for the District of Massachusetts, Michelle Janavs respectfully requests permission to file under seal and impound a portion of her sentencing memorandum, as well as certain letters in support. The government's counsel has informed undersigned counsel of their assent to this motion.

The material proposed to be filed under seal contains highly sensitive information. Sealing is necessary to protect confidential private medical information and sensitive personal information concerning Mrs. Janavs, her family, and certain third-party individuals who submitted letters in support.

Local Rule 7.2 permits a party to request the sealing or impounding of specified materials upon a showing of good cause. *See* Local Rule 7.2(a). Upon request, the Court may seal the subject material pending further order. *Id.* In analyzing whether to permit seal, the Court must weigh the public's presumptive right to access judicial records with "[i]mportant countervailing interests," which can "overwhelm the usual presumption and defeat access." *See United States. v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st

1

Cir. 1998)). The privacy rights of the defendant and third parties are important countervailing interests that may overcome the presumption of access. *Kravetz*, 706 F.3d at 62 (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). The Court may "consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* If the information implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests "weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Medical information is "universally assumed to be private, not public." *Kravetz*, 706 F.3d at 63 (quoting *In re Boston Herald*, 321 F.3d at 190); *see also United States v. Kravetz*, 948 F. Supp. 2d 89, 93 (D. Mass. 2013) (ordering portions of defendant's sentencing memorandum and attached letters discussing the defendant's and third parties' medical history redacted). Third-party privacy interests are also "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (quoting *Amodeo*, 71 F.3d at 1050–51).

Some of the letters in support of Mrs. Janavs express personal information and private physical and mental health information about Mrs. Janavs and members of her family. The sealing of this information is necessary to protect the privacy interests of these third-party individuals. Mrs. Janavs requests that this information remain sealed until further order of the Court.

## **CONCLUSION**

The documents that Mrs. Janavs moves to seal or redact include highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of Mrs. Janavs and third parties. WHEREFORE, Mrs. Janavs respectfully requests that the Court grant her motion to file under seal portions of her sentencing memorandum and certain letters in support.

Respectfully Submitted,

MICHELLE JANAVS

By her attorneys,

Dated: February 13, 2020

*/s/ John L. Littrell*
Thomas H. Bienert, Jr. *(pro hac vice)*
John L. Littrell *(pro hac vice)*
Bienert | Katzman PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
tbienert@bienertkatzman.com
jlittrell@bienertkatzman.com

Jonathan L. Kotlier (BBO #545491)
Nutter, McClennen & Fish, LLP
155 Seaport Boulevard
Boston, MA 02210-2604
Tel: 617-439-2000
jkotlier@nutter.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, John L. Littrell, hereby certify that counsel for Defendant conferred with counsel for the government regarding this motion and that the government assented.

Dated: February 13, 2020 */s/ John L. Littrell*
John L. Littrell

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, I filed the foregoing with the United States District Court for the District of Massachusetts using the CM/ECF system and caused it to be served on all registered participants via the notice of electronic filing.

Dated: February 13, 2020 */s/ John L. Littrell*
John L. Littrell