# EXHIBIT

# “1”

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

v.

DAVID SIDOO, *et al.*,

Defendants.

Case No. 1:19-CR-10080-NMG

**DECLARATION OF JOHN L. LITTRELL IN SUPPORT OF MICHELLE JANAVS' MOTION TO MODIFY SENTENCE**

I, John L. Littrell, declare as follows:

1. I am a partner in the law firm of Bienert | Katzman PC ("the Firm"), attorneys for defendant Michelle Janavs. I am admitted *pro hac vice* in the District of Massachusetts. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to such matters.

2. On March 2, 2020, I contacted the Court's deputy clerk to request that the Court expedite the Judgment and Commitment, because Ms. Janavs wanted to surrender as quickly as possible. A true and correct copy of my email to the clerk is attached as **Exhibit A**.

3. On or about March 17, 2020, I called the United States Marshals Service to determine where Ms. Janavs had been designated by the Bureau of Prisons ("BOP") to serve her sentence. The duty officer informed me that Ms. Janavs was designated to the Federal Prison Camp in Bryan, Texas. Ms. Janavs made arrangements to travel to Bryan to surrender.

4. Ms. Janavs was prepared to serve her custody term as ordered by the Court and planned to do so. She wanted to take responsibility for what she did and put this behind her.

However, the spread of the coronavirus in BOP facilities poses a serious risk to her, in part because of her underlying health condition, and I believe it would be unsafe for her to surrender to custody.

5. On March 23, 2020, I sent Warden Steve Mora of FPC Bryan a letter asking the BOP to convert Ms. Janavs' five-month prison sentence to home confinement because of the COVID-19 pandemic. A true and correct copy of that letter is attached hereto as **Exhibit B**.

6. On April 1, 2020, I spoke with Jason Sickler, Regional Counsel for the Bureau of Prisons, to follow up on the request in my March 23, 2020 letter. Mr. Sickler stated that the BOP had received the request, but that because Ms. Janavs is not yet in custody, the BOP would not move for a sentencing modification on her behalf.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of April, 2020, in San Clemente, California.

Dated: April 22, 2020

*/s/ John Littrell*

John Littrell *(pro hac vice)*
Bienert | Katzman PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel.: (949) 369-3700
jlittrell@bienertkatzman.com

# EXHIBIT

# "A"

| | |
|---|---|
| **From:** | John Littrell |
| **To:** | Christine Lima |
| **Subject:** | Janavs J&C |
| **Date:** | Monday, March 2, 2020 8:48:00 AM |
| **Attachments:** | image001.png |

Hi Christine, I understand that the BOP can't start the facility designation process until a J&C is issued.
Can you give me an approximate timeline? Ms Janavs would like to surrender as quickly as possible.

Thank you.

**John L. Littrell**
**Partner** | Orange County
Bienert | Katzman PC
Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700

-




The foregoing message is confidential and intended for the designated recipient only. The foregoing information may be protected by attorney-client and/or work product privileges. Accordingly, if you have received this message in error, please contact BIENERT | KATZMAN PC immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.

# EXHIBIT

# “B”




March 23, 2020

**United States Mail and electronic mail**

Steve Mora, Warden
FPC Bryan
Federal Prison Camp
P.O. Box 2197
Bryan, TX 77805

**In re: Michelle Janavs Reg. No. 77816-112**
**United States v. Sidoo, et. al., CR 19-10080-NMG**
**Motion for Sentencing Modification Pursuant to 18 U.S.C. § 3582(c)**

Dear Warden Mora:

I write on behalf of Michelle Janavs, a 49-year old woman who has been designated to serve a **five-month** prison term in your facility. Her surrender date is May 7, 2020.

Ms. Janavs is a low-level non-violent offender whose sentencing range is 0-6 months and falls within Zone A of the sentencing table, where the presumptive sentence is probation.[1] The term of imprisonment imposed in this case was not imposed in order to deter her or protect the public. Ms. Janavs does not pose any danger to the public and she is not likely to reoffend.

As you know, we are currently experiencing a global pandemic as a result of the outbreak of the novel coronavirus COVID-19. COVID-19 has spread to nearly every country in the world and every state in the United States, including Texas. The virus is spread by contact in the community by infected people[2], and infections are growing extremely quickly within the United States. Every day the number of new cases increases dramatically.

On May 19, 2020, Texas Governor Greg Abbott issued Executive Order GA-08, which determined that COVID-19 was a public health disaster. The order immediately closed schools and visitation to nursing homes and banned social gatherings in groups of more than 10 people.

---

[1] *See* 28 U.S.C. § 994(j)

[2] https://www.cdc.gov/coronavirus/2019-ncov/faq.html

903 Calle Amanecer, Suite 350, San Clemente, CA 92673

CalEdison Building: 601 W. 5th Street, Suite 720, Los Angeles, CA 90071





There is no vaccine or effective treatment for the virus. The only way to prevent a serious risk of disease or death is "social distancing."[3] COVID-19 poses an acute risk to inmates in a closed setting like a prison because it is impossible for inmates to keep the recommended distance from other inmates, and it is impossible to maintain the level of hygiene required to stop the spread of the disease. As a result, it is likely that all or nearly all federal inmates will be exposed to COVID-19 in the coming weeks. This is true even though you have eliminated all social and legal visiting and taken other steps to prevent the spread of the disease.

COVID-19 is an extremely serious disease, with a much higher rate of hospitalization and fatality than the seasonal flu. Moreover, Ms. Janavs has an underlying health condition, [redacted] that makes her particularly vulnerable to serious disease or death resulting from exposure to the novel coronavirus COVID-19. She also has a family history of [redacted]

[redacted]

The increased likelihood that Ms. Janavs becomes seriously ill or dies as a result of these conditions makes even a short period of imprisonment unreasonably punitive relative to her offense. The increased monitoring and treatment Ms. Janavs would require because of her health conditions and risk factors would also occupy valuable and scarce resources you need to care for other inmates who pose a greater risk to the public and are serving substantially more time.

For the foregoing reasons, Ms. Janavs respectfully requests that you move the Court pursuant to 18 U.S.C. § 3582(c)(1)(A) to reduce Ms. Janavs sentence to a term of time served with a term of supervised release that includes five months' home confinement.

Sincerely,

BIENERT | KATZMAN PC

John Littrell

---

3 https://www.cdc.gov/coronavirus/2019-ncov/prepare/prevention.html

4 https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html

5 [redacted]