# EXHIBIT

# "5"



**Office of the Attorney General**

**Washington, D. C. 20530**

April 6, 2020

MEMORANDUM FOR ALL HEADS OF DEPARTMENT COMPONENTS AND
ALL UNITED STATES ATTORNEYS

FROM:  THE ATTORNEY GENERAL  *[signed] W P Barr*

SUBJECT:  <u>Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic</u>

    The mission of the Department of Justice is to enforce our nation's laws and to ensure the safe and fair administration of justice. We have an obligation to maintain public safety and to protect victims and witnesses from threats and retaliation, and we must also safeguard the health and safety of those remanded to our custody. As always, controlling weight should be given to public safety, and under no circumstance should those who present a risk to any person or the community be released. But the current COVID-19 pandemic requires that we also ensure we are giving appropriate weight to the potential risks facing certain individuals from being remanded to federal custody. Each case must be evaluated on its own and, where appropriate, the risks the pandemic presents should be part of your analysis, as elaborated further below.

    First, the Bail Reform Act ("BRA") remains the governing statute for pretrial detention issues and you are to continue enforcing that provision according to its terms. As you know, the BRA provides that a defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

    For certain crimes, it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). We should continue applying the BRA's factors and that presumption according to their terms. We simply cannot agree to anything that will put the public at risk. COVID-19 presents real risks, but so does allowing violent gang members and child predators to roam free. When you believe a defendant poses a risk to the safety of any person or the community at large, you should continue to seek remand as zealously today as you would have before the pandemic began, in accordance with the BRA's plain terms. Protecting the public from criminals is our paramount obligation.

Memorandum from the Attorney General	Page 2
Subject: Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic

     Second, in applying the familiar BRA analysis, which already includes some consideration of the defendant's "physical and mental condition," *id*., you should now consider the medical risks associated with individuals being remanded into federal custody during the COVID-19 pandemic. Even with the extensive precautions we are currently taking, each time a new person is added to a jail, it presents at least some risk to the personnel who operate that facility and to the people incarcerated therein. It also presents risk to the individual being remanded into custody—risk that is particularly acute for individuals who are vulnerable to a serious infection under the Centers for Disease Control and Prevention ("CDC") Guidelines.

     We have an obligation to minimize these risks to the extent possible while remaining faithful to the BRA's text and discharging our overriding obligation to protect the public. That means you should consider not seeking detention to the same degree we would under normal circumstances—specifically, for those defendants who have not committed serious crimes and who present little risk of flight (but no threat to the public) and who are clearly vulnerable to COVID-19 under CDC Guidelines. In this analysis, the risk of flight and seriousness of the offense must be weighed against the defendant's vulnerability to COVID-19. Accordingly, we should continue to seek detention for defendants who are charged with serious crimes and who pose a substantial risk of flight, or for defendants who would normally warrant detention under the BRA and who are not vulnerable to COVID-19 under CDC Guidelines.

     Third, these same considerations should govern your litigation of motions filed by detained defendants seeking release in light of the pandemic. In these cases, the Court has already made a finding based on the evidence presented that a defendant posed a risk of flight or a danger to the community and should therefore be remanded pending trial. In assessing whether it is appropriate to revisit that determination, you should also consider the potential risk that the defendant will spread COVID-19 in his or her community upon release. At the same time that the defendant's risk from COVID-19 should be a significant factor in your analysis, you should also consider any risk that releasing the defendant would pose to the public. This consideration will depend on the facts and circumstances of each defendant and the facility where he or she is being held, and you should factor this consideration into your analysis as appropriate. Our duty to protect the public extends to protecting it from contagion spread by someone released from our custody.

*   *   *

     The factors and considerations discussed herein should guide your analysis of pretrial detention issues while the pandemic is ongoing, but what position to take in each particular case is ultimately your decision. We must adapt to the current difficult circumstances, while also ensuring that we never deviate from our duty to keep the public safe from dangerous criminals. Please exercise your discretion appropriately.