# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) Case No. 1:19-CR-10080-NMG ) ) |
| DAVID SIDOO, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# MICHELLE JANAVS' UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

TO ASSISTANT UNITED STATES ATTORNEYS KRISTEN KEARNEY, IAN STEARNS, LESLIE WRIGHT, AND STEPHEN FRANK:

PLEASE TAKE NOTICE that defendant Michelle Janavs, by and through her attorney of record, John Littrell, moves the Court for early termination of her supervised release.

This motion is made pursuant to 18 U.S.C. § 3583(e)(1). The motion is based on the attached memorandum of points and authorities, the attached exhibits, the files and records of this case, and any further evidence as may be adduced by the Court on this Motion. The government does not oppose early termination. The Probation Office has taken no position.

                                                             Respectfully submitted,

Dated: February 1, 2022                       By: *s/ John L. Littrell*
                                                                 John L. Littrell
                                                                 *Attorney for Michelle Janavs*

I.      **Introduction.**

On February 25, 2020, Ms. Janavs was sentenced to five months in custody and two years of supervised release. Ms. Janavs served her time and has completed 14 months of supervision.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a period of supervised release after the defendant has completed one year of supervision, if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Ms. Janavs' case warrants early termination of supervision. Ms. Janavs has complied with all terms of her supervised release, completed her community service, paid her fines, and dedicated herself to improving her community. Supervised release has served its purpose, and the government does not oppose this motion. The Probation Office has not taken a position on this request.

II.     **Procedural Background.**

On October 21, 2019, Michelle Janavs pleaded guilty to the indictment. She accepted responsibility for her crimes, stating: "There are truly no words to express my heartache and shame caused by my actions." Dkt. No. 872 (February 25, 2020 Transcript) at 53.

On February 25, 2020, the Court sentenced Ms. Janavs to five months' imprisonment, two years of supervised release, a fine of $250,000, and a $200 special assessment. Ms. Janavs served her time, paid her fine, and waived the right to appeal. *See* Declaration of John Littrell in Support of Michelle Janavs' Motion for Early Termination of Supervised Release ("Littrell Decl."), Ex. A.

On November 16, 2020, Ms. Janavs was released and began her term of supervision. On November 15, 2021, she completed one year of supervised release.

III.    **The Court can and should terminate Ms. Janavs' supervised release.**

   A.  **The Court has broad discretion to terminate supervised release.**

After a defendant has served at least one year of supervised release, the Court may terminate supervision if, after considering the factors set forth in section 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "[W]hether to terminate a period of supervised release is subject to the discretion of the trial judge[.]" *United States v. Miles*, No. 1:05-CR-00006-JAW, 2014 WL 2048206, at *1 (D. Me. May 19, 2014).

2

### B. The interests of justice support early termination.

The interests of justice support terminating Ms. Janavs supervised release because it no longer serves a purpose. Supervised release is not designed or permitted to serve a punitive function. Rather, "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also Pepper v. United States*, 562 U.S. 476, 502 n.15 (2001); *Johnson v. United States*, 529 U.S. 694, 708-09 (2000).

Since her release from BOP custody, Ms. Janavs has volunteered with Second Harvest Food Bank Orange County and Laguna Food Pantry. Her contributions have been greatly valued and appreciated. *See* Littrell Decl. Ex. B (November 18, 2021 email from Harald Herrmann, CEO of Second Harvest Food Bank Orange County). Lesli K. Henderson, Board Vice Chair and Volunteer Manager of Laguna Food Pantry, described Ms. Janavs as doing "whatever was asked of her and needed on a particular day . . . with grace, kindness and humility." *Id.* Ex. C.

The risk of Ms. Janavs reoffending is minimal. She has proven this through her incident-free post-offense conduct and her conduct while on bond, in custody, and on supervision. Ms. Janavs poses no danger to the community. On the contrary, her actions since her release reflect her sincere dedication to improving her community. *See* Littrell Decl. Exs. B, C.

### C. The Section 3553(a) factors support early termination.

Ms. Janavs is a non-violent, first-time offender who has been unequivocally remorseful for her actions. *See* Dkt. No. 872 (February 25, 2020 Transcript) at 53. During her sentencing, the Court recognized Ms. Janavs' "many deeds of charity and kindness." *Id*. The Court's decision to sentence Ms. Janavs to prison was driven by the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and the need to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). These goals

have been accomplished. Ms. Janavs has owned her mistakes, learned from them, and returned to her life's work helping others. Further supervision is therefore unnecessary.

### D. CONCLUSION

For these reasons, Ms. Janavs requests that the Court terminate her supervision.

Respectfully Submitted,

MICHELLE JANAVS

By her attorneys,

Dated: February 1, 2022

*/s/ John L. Littrell*
Thomas H. Bienert, Jr. *(pro hac vice)*
John Littrell *(pro hac vice)*
Bienert Katzman Littrell Williams LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
tbienert@bklwlaw.com
jlittrell@bklwlaw.com

William Weinreb (BBO #557826)
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7114
billweinreb@quinnemanuel.com

## CERTIFICATE OF SERVICE

    I, John Littrell, hereby certify that on February 1, 2022, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ John L. Littrell*
John L. Littrell
