UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.   )<br>)<br>)<br>DAVID SIDOO, *et al.*,   )<br>)<br>Defendants.   ) | Case No. 1:19-CR-10080-NMG |

## MICHELLE JANAVS' UNOPPOSED MOTION
## FOR EARLY TERMINATION OF SUPERVISED RELEASE

Michelle Merage (formerly Michelle Janavs) respectfully requests early termination of her term of supervised release so that she can see her daughter, who now lives in Australia. Ms. Merage has served 21 months (or nearly 90%) of her 24-month supervised release period. As explained below, she seeks early termination because the Australian immigration authorities will not even begin the 3-6 month process of reviewing her visa application while she remains under court supervision, even if the Court grants her permission to travel to Australia. The government does not oppose this motion; United States Probation takes no position on it; and early termination is warranted by "the conduct of the defendant released and the interest of justice" 18 U.S.C. § 3583(e)(1). Accordingly, Ms. Merage respectfully requests early termination of supervision in the exercise of the Court's discretion.

### BACKGROUND

On October 21, 2019, Ms. Merage pleaded guilty to one count of conspiracy to commit mail fraud and honest services mail fraud and one count of conspiracy to commit money laundering. She did not ask for or receive a plea agreement. [Dkt. 599]. She accepted responsibility for her crimes, stating: "There are truly no words to express my heartache and shame caused by my actions." [Dkt. No. 872 (February 25, 2020 Transcript) at 53].

The Court determined the applicable sentencing range to be 0 – 6 months and sentenced Ms. Merage to five months' imprisonment, a 24-month term of supervised release, and a $250,000 fine. [Dkt. 871, 922]. Ms. Merage did not appeal her conviction or sentence. She served her time, paid her fine, and completed her 200 hours of community service. [Dkt. 1073; Littrell Decl., Ex. A]

Ms. Merage was released from prison on November 16, 2020, and has served 21 months (or nearly 90%) of her 24-month term of supervised release. During that time she volunteered with Second Harvest Food Bank Orange County and Laguna Food Pantry. Her contributions have been greatly valued and appreciated. [Dkt. No. 2511-002]. Lesli K. Henderson, Board Vice Chair and Volunteer Manager of Laguna Food Pantry, described Ms. Merage as doing "whatever was asked of her and needed on a particular day . . . with grace, kindness and humility." [Dkt. No. 2511-003].

Ms. Merage seeks to terminate her term of supervised release early because her daughter recently moved to Australia, where she has no family or social support network. Ms. Merage would like the ability to visit her, especially in case of an emergency. But the Australian immigration authorities will not process Ms. Merage's visa application while she remains on supervised release; and even once they begin processing it, it will likely take at least 3 – 6 months before she is issued a visa. [Littrell Decl., Ex. B].

**ARGUMENT**

"[W]hether to terminate a period of supervised release is subject to the discretion of the trial judge[.]" *United States v. Miles*, No. 1:05-CR-00006-JAW, 2014 WL 2048206, at *1 (D. Me. May 19, 2014). A court may terminate a period of supervised release after the defendant has completed one year of supervision if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Ms. Merage's conduct on release warrants early termination. She has complied with all terms of her supervised release, completed her community service, paid her fine, and dedicated

her time on release to improving her community. When the Court sentenced Ms. Merage it recognized her "many deeds of charity and kindness." [Dkt. No. 872, at P. 53].

Early termination of Ms. Merage's supervised release would also be in the interests of justice because it has served its intended purpose. "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also Pepper v. United States*, 562 U.S. 476, 502 n.15 (2001); *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). Living under court supervision or in prison for the past three-and-a-half years has caused Ms. Merage to reflect every day on her criminal conduct. She has owned her bad decisions, learned from them, and returned to her life's work helping others. She seeks early termination of supervised release to help ensure that she can visit her daughter, who has moved halfway around the world, before the year is out. The government does not oppose this request, and the United States Probation Office has taken no position.

## CONCLUSION

For these reasons, Ms. Merage respectfully requests that the Court terminate her period of supervision.

Respectfully submitted,

*/s/ William D. Weinreb*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
William D. Weinreb
111 Huntington Avenue, Suite 520
Boston, Massachusetts 02199
billweinreb@quinnemanuel.com

*Counsel for Michelle Merage*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants by electronic mail on August 15, 2022.

/s/ *William D. Weinreb*
William D. Weinreb